IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP

      Plaintiff,

v.

DONALD TRUMP, JR.; and
DOES 1-50 inclusive,

      Defendants.

Civil Action No.:  2:19-cv-00549
Judge:  John T. Copenhaver, Jr.

# Motion to Stay Discovery Pending Ruling on Defendant Donald Trump Jr.'s Motion to Dismiss and Supporting Memorandum of Law

      Defendant Donald Trump, Jr., by counsel, respectfully requests that this Court enter a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to stay discovery in this matter pending this Court's ruling on Defendant's Motion to Dismiss, and in support thereof states as follows.

## I.       INTRODUCTION AND PROCEDURAL HISTORY

      On April 25, 2019, Plaintiff, Don Blankenship, filed a Complaint against Defendant Donald Trump, Jr., setting forth two causes of action: "Defamation/Conspiracy to Defame," and "False Light Invasion of Privacy/Conspiracy."   Defendant was served on June 26, 2019.   On August 2, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of Motion to Dismiss.  [Dkt. No. 3, 4].  In his Motion to Dismiss, Defendant argues that Plaintiff has failed to state claims for defamation and false light invasion of privacy.   In response to Defendant's Motion to Dismiss, On August 16, 2019, Plaintiff filed a Memorandum of Points and Authorities in Support of Opposition to Motion by Donald Trump, Jr. to Dismiss Complaint

on August 16, 2019.  [Dkt. No. 11].  Defendant subsequently filed his Reply to Plaintiff's Response to the Motion to Dismiss on August 23, 2019.  [Dkt. No. 12].

In his Motion to Dismiss and Reply to Plaintiff's Response to the Motion to Dismiss, Defendant argues that the Complaint failed to adequately plead the elements of defamation and false light invasion of privacy.  In particular, Plaintiff fails to satisfy the heightened pleading standards for "actual malice," which are required in order for him to succeed on his claims of defamation and false light invasion of privacy given his unquestionable status as a public figure.  This stringent standard is designed to protect individuals' constitutionally protected freedom of expression, and frequently results in the dismissal of complaints for failure to sufficiently allege actual malice.  *See, e.g., Mayfield v. NASCAR,* 674 F.3d 369, 378 (4th Cir. 2012) (affirming grant of judgment on the pleadings); *Besen v. Parents & Friends of Ex-Gays, Inc.,* 2012 WL 1440183 at *6 (E.D. Va. Apr. 25, 2012) (granting motion to dismiss); *Watkins v. Washington Post,* 2018 WL 805394, at *6 (D. Md. Feb. 9, 2018) (same); *Hanks v. Wavy Broad, LLC,* 2012 WL 405065, at *13 (E.D. Va. Feb. 8, 2012) (same).

Defendant's Motion to Dismiss, if successful, is dispositive of Plaintiff's claims against the Defendant.  The issues surrounding the Motion to Dismiss have been fully briefed, are ripe for a decision from this Court and may be decided without any additional information. A ruling in favor of the Defendant's Motion to Dismiss obviates the need for any discovery in this matter.  For these reasons, and the reasons further articulated below, this Court should enter a protective order staying discovery in this matter pending this Court's ruling on Defendant's Motion to Dismiss.

## II.      LAW AND ARGUMENT

On November 14, 2019, Plaintiff served Defendant with Plaintiff Don Blankenship's First Set of Requests for Production of Documents, which include nearly forty (40) boundless requests for production spanning a wide array of matters related to the Plaintiff's alleged concerted effort to prevent his election to the United States Senate. For example, Plaintiff has requested any and all documents and/or communications that reference in any manner the following:  the explosion at Upper Big Branch Mine, his criminal trial, Senators Mitch McConnell and Joe Manchin, West Virginia Supreme Court Justice Evan Jenkins, and West Virginia Attorney General Patrick Morrisey.  *See* Plaintiff Don Blankenship's First Set of Requests for Production of Documents, attached hereto as Exhibit A.  At their core, many of Plaintiff's requests for production go beyond the substance of any claims for defamation or false light invasion of privacy, appearing to be nothing more than a thinly-veiled attempt to unearth the extent of the political opposition to his unsuccessful run for U.S. Senate.  Plaintiff has requested that any responsive documents be provided by December 16, 2019.[1]

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party or any person from whom discovery is sought may move for a protective order…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place … for the disclosure or discovery…." Fed. R. Civ. P. 26(c)(1).  With respect to discovery, a trial court is vested with broad discretion to "stay discovery in advance of deciding a pending dispositive

---

[1] Defendant reserves his right to object to any and all of Plaintiff's discovery requests, and will lodge specific objections at the appropriate time.

motion." *See E&I Holdings, LLC v. Bellmari Trading USA, Inc.,* 2018 WL 5624269 (2018)(citing *Thigpen v. United States,* 800 F.2d 393, 396-397 (4th Cir. 1986), overruled on other grounds by *Sheridan v. United States,* 487 U.S. 392 (1988) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion…. Trial courts … are given wide discretion to control this discovery process…."); *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d 404, 436 (5th Cir.1990)("The trial court sought to resolve an issue that might preclude the need for discovery altogether thus saving time and expense."); *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D.C.Del.1979)(noting that "such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

Trial courts generally consider three factors when determining whether to grant a motion to stay discovery pending decision of a dispositive motion: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *White v. Ally Fin. Inc.,* 969 F.Supp. 2d 451, 462 (S.D.W. Va. 2013)(quoting *Tolley v. Monsanto Co.*, 591 F.Supp.2d 837, 844 (S.D.W. Va. 2008)). Other relevant factors guiding this Court's decision as to whether a motion to stay is warranted, none of which are singularly dispositive, include, but are not limited to, the "posture or stage of the litigation" and "the expected extent of discovery." *See U.S. v. Daily Gazette Co.,* 2007 WL 7575700 (S.D.W. Va.2007)(quoting *Hachette Distribution, Inc. v. Hudson County News Co., Inc.,* 136 F.R.D. 356 358 (E.D.N.Y.1991)). Each of these factors weighs in favor a stay of discovery by this Court.

A.      **Interest of Judicial Economy**

With respect to the first factor, in *White v. Ally Fin. Inc.*, in the interest of judicial economy, the prudent course of action in this case is to stay discovery pending decision on Defendant's Motion to Dismiss.  The expected extent of discovery is great, and the type of motion pending in this case also warrants a stay.

Plaintiff's Requests for Production are objectionable, expansive in nature, and seek a plethora of documents and/or communications that span national and state political spectrums and cover sensitive and confidential material.  More specifically, Plaintiff is seeking any and all documents and/or communications pertaining to multiple United States Senators, West Virginia Constitutional Officers, and various national and state political figures.  *See* Exhibit A.  These broad requests, among others, will draw strong objections and necessitate lengthy discovery litigation and Court intervention, all of which would be an avoidable consumption of resources if Defendant's Motion to Dismiss is granted.   Defendant's motion to dismiss is a dispositive motion that would render Plaintiff's sprawling discovery requests unnecessary.  As this Court noted in its recent memorandum opinion and order granting a stay of discovery *Don Blankenship v. Andrew Napolitano et al.,* "[a] stay to resolve such case-dispositive motions is appropriate because 'a finding in defendant's favor could completely resolve the case without any need for discovery.'" No. 2:19-cv-00236, 2019 WL 6173530 (S. D. W. Va. Nov. 19, 2019) (quoting *Rowe v. Citibank N.A.,* No. Civ.A. 5:13-21369, 2015 WL 1781559, at *2 (S. D. W. Va. Apr. 17, 2015).

Because Defendant's Motion to Dismiss raises dispositive legal issues, the resolution of which would obviate the need for Plaintiff's wide-ranging discovery requests in this case, it is in the interest of judicial economy that this Court grant a motion to stay.

**B.      Hardship to Moving Party**

As to the second factor, the hardship to Defendant of proceeding with discovery is significant.  Plaintiff's discovery requests are overbroad and burdensome and will require lengthy objections and litigation regarding the disclosure of records unrelated to Plaintiff's claims and potentially sensitive information.  Ultimately, Defendant will be required to expend considerable time and expense responding to each and every one of Plaintiff's thirty-nine (39) requests for production – time and expense that will be wasted if this Court subsequently grants Defendant's Motion to Dismiss.

Additionally, and perhaps more importantly, this Court has recognized the significant implications that Plaintiff's discovery requests can have on the free speech rights of individuals similarly situated to the Defendant.  *See Memorandum Opinion and Order* at 12, No. 2:19-cv-00236, 2019 WL 6173530 (S. D. W. Va. Nov. 19, 2019).  In the context of defamation cases, courts have long sought to balance the needs of discovery with potential First Amendment implications.   Federal courts have "given close scrutiny" to pleadings such as Plaintiff's, understanding that "the defense of baseless defamation claims imposes an additional cost, in the form of potentially deterred speech."  *Edwards v. Schwartz,* 378 F. Supp. 3d 468, 500 (W.D. Va. 2019).  That is why the United States Supreme Court has cautioned that district courts "should not hesitate to exercise appropriate control over the discovery process."  *Herbert v. Lando,* 441 U.S. 153, 176-77 (1979).  The implications of Plaintiff's sweeping discovery requests on Defendant's free speech rights further warrants a stay in this matter.

## C.      Prejudice to Non-Moving Party

With respect to the third factor, Plaintiff will not be prejudiced by a stay of discovery in any way.  As to the posture of the litigation, this case is in its early stages.  Pursuant to this Court's Order, the last day to serve discovery requests is April 14, 2020 – almost five months from now.  The deadline for completion of discovery, May 29, 2020, is more than half a year away. Given the significant time remaining for the completion of discovery requests, Plaintiff is not significantly prejudiced by a stay of discovery pending decision of Defendant's Motion to Dismiss.[2]

In a similar request for a stay of discovery, this Court found that Plaintiff's claims of unfair prejudice were "unpersuasive," and noted that proceeding on discovery "would force a premature, cumbersome discovery process…."  Similar circumstances warrant a stay of the proceedings herein.  *See Memorandum Opinion and Order* at 13, No. 2:19-cv-00236, 2019 WL 6173530 (S. D. W. Va. Nov. 19, 2019).  Plaintiff's requests are mainly for records that, to the extent they are available now, will be available after the Court issues an opinion.  If, however, the Court permits discovery and later dismisses Plaintiff's complaint, Defendant will be prejudiced by expending significant resources on discovery litigation and potentially disclosing private and sensitive information to a plaintiff who was never entitled to them.

---

[2] The lack of any counterclaims or cross-claims in this matter also favors a stay of discovery.  *See Memorandum Opinion and Order* at 6, No. 2:19-cv-00236, 2019 WL 6173530 (S. D. W. Va. Nov. 19, 2019) (citing *Rowe v. Citibank N.A.,* No. Civ.A. 5:13-21369, 2015 WL 1781559, at *2 (S. D. W. Va. Apr. 17, 2015).

## III.    CONCLUSION

All of the relevant factors justify a stay of discovery in the case at hand.  It is in the interest of judicial economy for this Court to rule upon Defendant's dispositive Motion to Dismiss prior to the commencement of a lengthy and burdensome discovery process.  The hardships of requiring Defendant to proceed with responding to discovery are significant, while the prejudice to Plaintiff of issuing a stay of discover is non-existent.  The type of motion pending, the expected extent of discovery, the absence of any counterclaims and/or cross claims, the posture or state of the litigation and other relevant circumstances surrounding Defendant's free speech rights all cut in favor of the issuance of a stay.

For the reasons set forth herein, Defendant respectfully requests that this Court issue a stay of discovery, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, pending the outcome of Defendant's Motion to Dismiss.

DONALD TRUMP, JR.,

By Counsel,


*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB #7414)
Richard R. Heath, Jr. (WVSB #9067)
BOWLES RICE LLP
600 Quarrier Street (25301)
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax:  (304) 347-1756
madkins@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP

      Plaintiff,

v.                                                                  Civil Action No.:  2:19-cv-00549
                                                                    Judge:  John T. Copenhaver, Jr.
DONALD TRUMP, JR.; and
DOES 1-50 inclusive,

      Defendants.

## <u>Certificate of Service</u>

      I, J. Mark Adkins, do hereby certify that on this 26th day of November 2019, the foregoing ***Motion to Stay Discovery Pending Ruling on Defendant Donald Trump Jr.'s Motion to Dismiss and Supporting Memorandum of Law*** was served via the Court's ECF system to all counsel of record.

      Jeffrey S. Simpkins, Esquire
      SIMPKINS LAW
      102 E. 2nd Avenue
      Williamson, West Virginia 25661
      Counsel for Plaintiff

      Jeremy Gray, Esquire
      Zachary Austin Gidding, Esquire
      EARLY SULLIVAN WRIGHT GIZER & MCRAE
      17th Floor
      6420 Wilshire Boulevard
      Los Angeles, CA 94105
      Counsel for Plaintiff

      */s/ J. Mark Adkins*
      J. Mark Adkins (WVSB# 7414)