```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

DON BLANKENSHIP,

    Plaintiff,

v.                              Civil Action No. 2:19-cv-00549

DONALD TRUMP, JR. and
DOES 1-50 INCLUSIVE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendant's motion to stay discovery pending the resolution of the defendant's motion to dismiss. The motion to stay discovery was filed on November 26, 2019.

### I.    Factual Background

The plaintiff, Don Blankenship, filed this action in West Virginia state court, which was later removed to this court, alleging claims of defamation, false light invasion of privacy, and conspiracy to commit defamation and false light invasion of privacy against the defendant, Donald Trump, Jr.[1]

---

[1] The plaintiff filed similar cases with the court alleging defamation, false light invasion of privacy, and conspiracy to commit the same against numerous defendants in media and politics. See Blankenship v. Boston Globe Media Partners, 2:19-cv-589; Blankenship v. Napolitano et al., 2:19-cv-236.

See Notice of Removal, ECF No. 1.

Following an explosion in a West Virginia mine on April 5, 2010 that resulted in the death of twenty-nine (29) miners, the United States government initiated an investigation into the cause of the explosion. See Compl., ECF No. 1-2 ("Compl.") ¶¶ 36-38. As one of the outcomes of this investigation, the government charged the plaintiff with three felonies and a misdemeanor. See id. ¶ 41. At trial, a federal jury found the plaintiff innocent of the felony charges but convicted him of the misdemeanor offense. Id. ¶ 43. The plaintiff was sentenced to one year in prison, which the plaintiff served and from which he was released in the spring of 2017. Id. ¶¶ 44-45.

In 2017, the plaintiff announced his campaign to run for a United States Senate seat in West Virginia. Id. ¶ 46. The plaintiff alleges that political figures conspired to defeat his candidacy by referring to the plaintiff as a "felon" or a "convicted felon," despite the fact that the plaintiff was cleared of the felony charges and was only convicted of the misdemeanor offense. See id. ¶¶ 17-24, 49-54, 62-67. On May 3, 2018, after attending a meeting with members of the National Republican Senatorial Committee ("NRSC"), the defendant published a tweet on Twitter referring to the plaintiff as a

2

"felon": "[Joe Manchin has] probably never run against a felon." See id. ¶¶ 55-50. The plaintiff filed this suit alleging four causes of action: (1) defamation, (2) conspiracy to defame the plaintiff, (3) false light invasion of privacy, and (4) conspiracy to commit false light invasion of privacy. See id. ¶¶ 68-91.

The defendant's motion seeks a stay of discovery in this action pending the resolution of the defendant's motion to dismiss. See Def.'s Mot. Stay, ECF No. 17 ("Def.'s Mot."). The plaintiff opposes the motion, ECF No. 18 ("Pl.'s Opp."), to which the defendant filed a reply, ECF No. 19 ("Def.'s Reply").

## II. Legal Standard

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

Under this rule, a district court has the discretion to stay discovery pending the outcome of a dispositive motion.[2] See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion."). Such a stay "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." United States v. Daily Gazette Co., No. CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007) (citation omitted).

District courts consider whether a motion to stay under Rule 26(c)(1) is warranted on a case-by-case basis because "such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991)). Several factors guide the court's

---

[2] The Fourth Circuit has had little occasion to consider motions to stay discovery because court orders granting or denying such motions are not final orders, nor are they appealable interlocutory or collateral orders. See, e.g., Cervantes v. Bridgefield Cas. Ins. Co., 671 F. App'x 123, 124 (4th Cir. 2016) (per curiam); Poux v. FCI Bennettsville SC, 418 F. App'x 157, 157 (4th Cir. 2011) (per curiam).

analysis, none of which is dispositive alone. These factors are:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances.

Citynet, LLC v. Frontier W. Va. Inc., No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D.W. Va. Oct. 19, 2016) (internal quotation marks omitted); see also Tuell v. Deere Credit Servs., Inc., No. 2:17-CV-02715, 2017 WL 11249436, at *1 (S.D.W. Va. Oct. 4, 2017).

Alternatively, a three-factor analysis has been applied when considering whether to grant a motion to stay discovery. These factors are: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Slone v. State Auto Prop. & Cas. Ins. Co., No. 2:19-CV-00408, 2019 WL 4733555, at *1 (S.D.W. Va. Sept. 26, 2019) (quoting White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)).

### III. Analysis

1. <u>Type of Motion</u>

The defendant's pending motion to dismiss seeks dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  Such a motion may be dispositive because a ruling favorable to the movant frequently decides the case with respect to that movant.  A stay to resolve such a case-dispositive motion is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery."  <u>Rowe v. Citibank N.A.</u>, No. CIV.A. 5:13-21369, 2015 WL 1781559, at *2 (S.D.W. Va. Apr. 17, 2015).  Such a motion "streamlines litigation by dispensing with needless discovery and factfinding."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326–27 (1989).  In the event that the motion to dismiss is granted, any resources devoted to the time-consuming and expensive discovery process would be fruitless.  <u>See</u> <u>Bragg v. United States</u>, No. CIV.A. 2:10-0683, 2010 WL 3835080, at *2 (S.D.W. Va. Sept. 29, 2010).  This factor weighs in support of granting the motion to stay.

2. <u>Nature and Complexity, and the Expected Extent of Discovery</u>

In the plaintiff's first set of requests for production of documents, the plaintiff seeks documents and communications with the defendant that reference the explosion at the Upper Big Branch Mine, the plaintiff's criminal trial, Senators Mitch McConnell and Joe Manchin, West Virginia Supreme Court Justice Evan Jenkins, West Virginia Attorney General Patrick Morrisey, the 2018 west Virginia Primary, and the May 2018 meeting with the NRSC. <u>See</u> Def.'s Mot. at 3; Pl.'s Opp. at 2. The defendant argues that the plaintiff's discovery requests are "objectionable, expansive in nature, and seek a plethora of documents and/or communications that span national and state political spectrums and cover sensitive and confidential material." Def.'s Mot. at 5. The defendant describes the discovery request as "a thinly-veiled attempt to unearth the extent of the political opposition to [the plaintiff's] unsuccessful run for U.S. Senate," <u>id.</u> at 3, and as "nothing more than a fishing expedition," Def.'s Reply at 5. On the other hand. the plaintiff contends that the requests for documents are "narrowly tailored" to the claims alleged in the complaint and only seek communications involving the defendant and others relating to specific topics germane to the litigation. Pl.'s Opp. at 4.

The defendant also asserts that the discovery requests will require lengthy objections and litigation regarding the disclosure of records unrelated to Plaintiff's claims and potentially sensitive information. Def.'s Mot. at 6. The plaintiff characterizes this assertion as the defendant's intention to "significantly delay discovery by objecting to all of the requests and then engage in litigation over his discovery obligations." See Pl.'s Opp. at 3. To resolve concerns over confidential information, the plaintiff asserts that, to the extent that communications may be confidential, the documents produced in discovery can be subject to restrictions pursuant to the parties' agreement to enter into a standard protective order. Id. at 5.

The court recognizes the breadth of topics covered by the discovery requests, as well as the sensitive or confidential nature of the requested documents and communications. The parties may decide to enter into a protective order, but this does not change the volume of documents and communications that may be involved from a multitude of sources spanning both state and national politics. Due to the complexity and potential sensitivity of the discovery requests, a stay to decide the dispositive motion is appropriate inasmuch as a decision favorable to the defendant on the motion to dismiss may obviate

the need for some or even all of such expansive discovery. These factors favor granting a stay.

    3.    <u>Posture or Stage</u>

The defendant argues that the plaintiff will not be prejudiced by a stay of discovery, in part, because there is still "significant time remaining for the completion of discovery requests."[3]  <u>See</u> Def.'s Mot. at 7.  The defendant also asserts that the plaintiff's discovery requests are mainly for records that will still be available after a stay of discovery. <u>See id.</u> at 7.

The plaintiff argues that the time to seek a stay of discovery was either before or during the Rule 26 proceedings. Pl.'s Opp. at 2-3.  The plaintiff therefore characterizes the motion as an effort to excuse the defendant's failure to seek a stay of discovery during the Rule 26 process.  <u>See id.</u> at 5; <u>see also</u> Def.'s Reply at 3 (alleging that the plaintiff "attempts to argue that [d]efendant somehow waived his right to request a stay of discovery").

---

[3] The last day to serve discovery requests is April 14, 2020, and the close of discovery is May 29, 2020.  Scheduling Order, ECF No. 14.

A party does not waive the right to request a stay simply because they did not raise the issue prior to the conclusion of the Rule 26 process. The court may grant a stay of discovery after the Rule 26 process and may amend the discovery timeline following a stay. Granting a stay is more appropriate when the action is early in the litigation process. The court recognizes that the parties have already begun the initial discovery requests in accordance with the Scheduling Order, but there are still several months before the close of discovery on May 29, 2020. The timing weighs in favor of granting the motion.

4. Other Relevant Factors

The court considers three additional factors. First, the interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and "the resolution of which may obviate the need for or limit discovery in this case." See Slone, 2019 WL 4733555 at *1. As previously discussed, a stay to resolve case-dispositive motions is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery." Rowe, 2015 WL 1781559 at *2. This preserves judicial economy by avoiding the fruitless

expenditure of resources devoted to a time-consuming and expensive discovery process.  See Bragg, 2010 WL 3835080 at *2.

Second, the potential hardship to the defendant favors granting a stay of discovery, especially in light of the First Amendment issues involved in the case.  The defendant argues that the plaintiff's discovery requests can have significant implications on the free speech rights of individuals similarly situated to the defendant, and that courts seek to balance the needs of discovery with potential First Amendment implications in defamation cases.  See Def.'s Mot. at 6.  Accordingly, the defendant asserts that district courts "should not hesitate to exercise appropriate control over the discovery process."  Id. (citing Herbert v. Lando, 441 U.S. 153, 176-77 (1979)).  Furthermore, the defendant argues that he will be prejudiced if the court permits discovery to continue and later dismisses the plaintiff's complaint because the defendant would have expended significant resources on discovery litigation and potentially disclosed private and sensitive information to the plaintiff who was never entitled to such information.  See id. at 7.  The court finds that a stay may mitigate these free speech concerns to ensure that the case has merit before proceeding further.

Third and final, as to potential prejudice to the non-moving party, the plaintiff asserts that entering a stay will

11

severely prejudice his right to conduct discovery within the relatively short time frame ordered by the court in the Scheduling Order. See Pl.'s Opp. at 3. However, the defendant argues that the plaintiff will not be prejudiced by a stay of discovery because there is still "significant time" before the completion of discovery requests. See Def.'s Mot. at 7. The court has the authority to amend the Scheduling Order following a stay to ensure that the parties still have adequate time for discovery. The court concludes that the plaintiff will not be prejudiced by a stay of discovery pending the resolution of the defendant's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the defendant's motion to stay discovery pending the resolution of the motion to dismiss be, and it hereby is, granted. It is further ORDERED that discovery in this action be, and it hereby is, stayed pending resolution of the defendant's motion to dismiss and until the further order of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: February 13, 2020

John T. Copenhaver, Jr.
Senior United States District Judge