IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP

  Plaintiff,

v.                   Civil Action No.: 2:19-cv-00549
                     Judge: John T. Copenhaver, Jr.

DONALD TRUMP, JR.; and
DOES 1-50 inclusive,

  Defendants.

### DEFENDANT DONALD TRUMP, JR.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR TESTIMONY OF MEETING ATTENDED BY TRUMP, JR. AND NRC AND/OR NRSC LEADERS

  Defendant, Donald Trump, Jr. ("Mr. Trump, Jr."), by counsel, respectfully moves this Honorable Court *in limine* for an Order excluding any evidence, testimony, and/or argument about any meeting between RNC and/or NRSC leaders and Mr. Trump, Jr., which occurred on May 3, 2018. This meeting is irrelevant to Plaintiff's claims, as Plaintiff has failed to produce any evidence beyond his own self-serving speculation that any discussions related to him occurred at this meeting. In support of his Motion, Mr. Trump, Jr. states as follows:

**I. RELEVANT PROCEDURAL HISTORY AND FACTS**

  In his Complaint, Plaintiff alleges that Mr. Trump, Jr. and the RNC and/or RNSC leaders met during a meeting on May 3, 2018, at which time they devised a common plan to defame Plaintiff, which led to the tweet at issue in this litigation. Specifically, Plaintiff asserts in his Complaint that:

> On May 3, 2018, Defendant Donald Trump, Jr. attended and gave the keynote address at a meeting of high-level NRSC leaders in

Florida. That same evening, Mr. Trump published a tweet to his 3.5 million followers calling Mr. Blankenship a "felon."

Donald Trump, Jr. tweeted that Mr. Blankenship was a "felon" after meeting with, and as part of a scheme with, NRSC leaders seeking to prevent Mr. Blankenship's victory in the primary.

Plaintiff is further informed and believes, and based thereon alleges, that Defendant shared a common plan with the NRSC and other persons currently unknown to Plaintiff (sued herein as Does 1-50), and each of them, for the commission of the tort of defamation.

In particular, they shared the common plan of ensuring that Plaintiff did not win the West Virginia Primary Election. To that end, they agreed that Defendant would disseminate, and cause and/or encourage others to disseminate the false claim that Plaintiff was a "felon" or "convicted felon." They knew that this claim was untrue, as Plaintiff had been convicted only of a misdemeanor and had been acquitted of all felony charges.

*See* Compl. (ECF 1-2) at ¶¶21-22; ¶¶78-79. Further, Plaintiff testified as follows:

> Q. Specifically, so have you reviewed paragraph 78 of your Complaint in this matter?
> A. Yeah.
> Q. What proof and evidence do you have personal knowledge of as you sit here today to support this allegation?
> A. That Mr. Trump, Jr., is a member of the Republican party, that he was actively involved in the campaign and that he shared a common plan as was stated repeatedly by the NRSC, Mitch McConnel, other Republicans and himself that they did not want me to win this election and; therefore, they were all motivated to do what was necessary to prevent me from winning and that culminated in false claims that I'm a felon.
> Q. Anything you'd like to add to your answer?
> A. Not at this time.
> Q. And then if you would please review paragraph 79 of your Complaint and let me know when you're finished.
> Have you reviewed paragraph 79, Mr. Blankenship?
> A. I have.
> Q. Can you tell me what evidence or personal knowledge you have to support the allegations in that paragraph, 79 of your Complaint.
> A. Well, they shared the common plan as evidence by they made common false accusations in a fairly short period of

2

        time that I was a felon or a convicted felon. And in Mr.
Trump, Jr.'s case, he indicated specifically that he did not
want me to win and that he was going out on a limb in saying
so. So I think the evidence that it required in a civil case is
apparent.
  Q.  Is that your complete answer?
  A.  Yeah. I think so at this time.

*See* April 12, 2022, Depo of Don Blankenship attached hereto as **Exhibit A** at pp. 87:1-88:12.

## II. LEGAL ANALYSIS AND DISCUSSION

  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

  Here, Plaintiff has produced no evidence that any discussions in which Mr. Trump, Jr. participated occurred at the meeting held on May 3, 2018, which specifically referenced or discussed him, let alone any discussions specific to any plan to refer to him as a "felon." In fact, Mr. Trump, Jr. testified that while he did attend the meeting held on May 3, 2018, in which he may have given a speech, he had no recollection of discussing Plaintiff at all with anyone at the meeting. *See* Depo. of Mr. Trump, Jr. attached hereto as **Exhibit B** at pp. 124:5-126:9; 129:11-130:18.

  Further, while Plaintiff attempts to infer that Mr. Trump, Jr.'s reply tweet at issue in this matter, in which he uses the term "felon," was made a part of a plan to defame him, Plaintiff appears to ignore the fact that the reply tweet at issue was a reply, not a standalone tweet, and Plaintiff has produced no evidence that the individual whose tweet Mr. Trump, Jr. was responding

attended the May 3, 2018 meeting in question or was in any way affiliated with the RNC and/or RNSC.

Plaintiff has offered no evidence that any discussions which occurred at the May 3, 2018, meeting at issue were in any way related to him or the reply tweet at issue in this litigation beyond his own speculation. It is axiomatic that speculation is not admissible evidence. *See* Fed. R. Evid. 602 (witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter). Thus, Plaintiff's speculative opinion must be excluded.

Accordingly, because Plaintiff has offered no evidence that any discussions took place related to him between Mr. Trump, Jr. and NRC and/or NRSC leadership during the May 3, 2018, meeting, it is irrelevant to Plaintiff's claims. Further, even if such evidence was somehow relevant, any such probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. The only possible motive Plaintiff could have for introducing such evidence is to confuse and mislead the jury. Thus, such evidence must be excluded under Fed. R. Evid. 403.

## III.     CONCLUSION

WHEREFORE, Mr. Trump, Jr. respectfully requests that this Honorable Court grant his Motion *in Limine* and exclude any evidence, testimony, or argument regarding any meeting held in which Mr. Trump, Jr. and NRC and/or NRSC leaders were in attendance.

DONALD TRUMP, JR.,

By Counsel,

/s/ J. Mark Adkins
J. Mark Adkins (WVSB #7414)
Stuart A. McMillan (WVSB #6352)
Lindsay M. Gainer (WVSB #12046)
BOWLES RICE LLP
600 Quarrier Street
Charleston, West Virginia  25301
(304) 347-1100
Fax: (304) 347-1756
madkins@bowlesrice.com
smcmillan@bowlesrice.com
lgainer@bowlesrice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP,

    Plaintiff,

v.

DONALD TRUMP, JR.; and
DOES 1-50 inclusive,

    Defendants.

Civil Action No.: 2:19-cv-00549
Judge: John T. Copenhaver, Jr.

## CERTIFICATE OF SERVICE

I, J. Mark Adkins, do hereby certify that on this **11th day of July 2022**, the foregoing ***Defendant Donald Trump, Jr.'s Motion in Limine to Exclude Evidence or Testimony of Meeting Attended by Trump, Jr. and NRC/NRSC Leaders*** was served via the Court's CM/ECF system which will send notice to all counsel of record.

    Jeffrey S. Simpkins, Esquire
    SIMPKINS LAW
    102 E. 2nd Avenue
    Williamson, West Virginia 25661
    *Counsel for Plaintiff*

    */s/ J. Mark Adkins*
    J. Mark Adkins (WVSB #7414)

13799795.1